J-S16007-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| GREGORY WARREN HOLMES | : | |
| | : | |
| Appellant | : | No. 1187 MDA 2021 |

Appeal from the Judgment of Sentence Entered August 19, 2021
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0001125-2021

BEFORE: PANELLA, P.J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY PANELLA, P.J.: **FILED: JULY 25, 2022**

Gregory Warren Holmes brings this direct appeal following the imposition of a judgment of sentence for one count of robbery. Also, appellate counsel has filed an application to withdraw his representation and a brief pursuant to **_Anders v. California_**, 386 U.S. 738 (1967). We grant counsel's application to withdraw and affirm the judgment of sentence.

On June 25, 2021, the Commonwealth filed an information charging Holmes with one count of robbery-taking property from another by force, which was graded as a third-degree felony. Holmes entered a guilty plea on July 2, 2021, and sentencing was deferred until August 19, 2021, pending the completion of a presentence investigation. On that date, the trial court

_____

[*] Retired Senior Judge assigned to the Superior Court.

sentenced Holmes to serve a term of incarceration of two to four years, which was at the low end of the standard range of the Sentencing Guidelines. Holmes did not file a post-sentence motion. Although still represented by private counsel, Holmes filed, *pro se*, a timely notice of appeal.

Private counsel filed with this Court a petition for leave to withdraw her appearance, which we granted. In addition, we remanded the matter to the trial court for a determination of whether Holmes is eligible for court-appointed counsel. The trial court held a **Grazier** hearing[1] and appointed the Luzerne County Public Defender's Office to represent Holmes. Thereafter, counsel filed a Pa.R.A.P. 1925(b) statement and the trial court filed a corresponding opinion.

Holmes's appellate counsel subsequently filed an **Anders** brief, indicating that the two issues raised in the Holmes's 1925(b) statement did not merit relief. Counsel also indicated that there were no other non-frivolous issues to raise on appeal and, along with the **Anders** brief, filed an application to withdraw as counsel.

Preliminarily, we have reviewed counsel's brief and petition, and we conclude they substantially meet the requirements for counsel seeking to withdraw from representation on direct appeal. **See Commonwealth v.**

---

[1] **See Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1988).

*Orellana*, 86 A.3d 877, 879-880 (Pa. Super. 2014).[2] Accordingly, we turn to our own review of the appeal to determine if it is wholly frivolous. *See Commonwealth v. Wrecks*, 931 A.2d 717, 721 (Pa. Super. 2007) (stating that once an appellate court determines that counsel's application and brief satisfy *Anders*, the court must then conduct its own review of the appeal to determine if it is wholly frivolous).

In the *Anders* brief submitted by counsel, Holmes argues that the trial court miscalculated his prior record score at the time of sentencing. He also argues that trial counsel offered ineffective assistance when she incorrectly informed Holmes of his prior record score, thereby rendering his guilty plea involuntary.

We have explained, "[a]ny misapplication of the Sentencing Guidelines constitutes a challenge to the discretionary aspects of sentence." *Commonwealth v. Sanchez*, 848 A.2d 977, 986 (Pa. Super. 2004) (citation omitted). We review challenges to the discretionary aspects of a sentence, for an abuse of discretion. Sentencing is a matter vested in the sound discretion

_____

[2] Specifically, counsel seeking to withdraw from representation on direct appeal under *Anders* must file a brief that: 1) provides a summary of the procedural history and facts; 2) refers to anything in the record that counsel believes arguably supports the appeal; and 3) sets forth counsel's conclusions that the appeal is frivolous, and the reasons for that conclusion. *See id*. Counsel must also provide a copy of the *Anders* brief to his client, with an accompanying letter that advises the client of his right to: 1) retain new counsel to pursue the appeal; 2) proceed *pro se*; or 3) raise additional points deemed worthy of the Court's attention. *See id*. at 880. Holmes's counsel substantially complied with these requirements.

of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. **See Commonwealth v. Shugars**, 895 A.2d 1270, 1275 (Pa. Super. 2006).

However, it is well settled that there is no absolute right to appeal the discretionary aspects of a sentence. **See Commonwealth v. Hartle**, 894 A.2d 800, 805 (Pa. Super. 2006). Rather, where an appellant challenges the discretionary aspects of a sentence, the appeal should be considered a petition for allowance of appeal. **See Commonwealth v. W.H.M.**, 932 A.2d 155, 163 (Pa. Super. 2007).

As we observed in **Commonwealth v. Moury**, 992 A.2d 162 (Pa. Super. 2010):

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> > We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

**Id**. at 170 (citation and brackets omitted).

The first requirement of the four-part test is met because Holmes timely brought this direct appeal following the imposition of his sentence. However, our review of the record reflects Holmes did not meet the second requirement

because he did not raise his challenges to the discretionary aspects of his sentence in an appropriate post-sentence motion or at the time of sentencing. Specifically, Holmes did not file any post-sentence motion, nor did Holmes raise his challenge orally at the sentencing hearing.

Moreover, this Court has held the failure to preserve a discretionary sentencing claim with the trial court in a timely post-sentence motion results in waiver even when appellate counsel petitions for withdrawal in the context of **Anders**. **See Commonwealth v. Cartrette**, 83 A.3d 1030, 1042 (Pa. Super. 2013) (*en banc*) ("Absent [a timely post-sentence motion or claim raised during sentencing], an objection to a discretionary aspect of a sentence is waived."); **see also Commonwealth v. Cox**, 231 A.3d 1011, 1016 (Pa. Super. 2020) (explaining that precedent does not permit "this Court to address issues that were not properly preserved in the trial court" and "the mere filing of an **Anders** brief and petition to withdraw will not serve to resuscitate claims that were already waived upon the filing of the notice of appeal").

Therefore, we are constrained to conclude that Holmes's issue is waived, and we are precluded from addressing its merits. Consequently, the discretionary aspects of sentencing issue is frivolous because it is not reviewable on direct appeal. **See Commonwealth v. Kalichak**, 943 A.2d 285, 291 (Pa. Super. 2008) (stating that when an issue has been waived, "pursuing th[e] matter on direct appeal is frivolous").

Holmes also argues that trial counsel's alleged ineffectiveness resulted in Holmes entering an involuntary guilty plea. Specifically, Holmes asserts that he would not have pled guilty if trial counsel had properly advised him that his prior record score would classify him as a repeat felon, instead of a prior record score of 5.[3]

Litigation of ineffectiveness claims is not a proper component of a defendant's direct appeal and is presumptively deferred for collateral attack under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. *See Commonwealth v. Holmes*, 79 A.3d 562, 578 (Pa. 2013) (establishing a deferral rule for ineffectiveness claims litigated after its decision in *Commonwealth v. Grant*, 813 A.2d 726 (Pa. 2002)). The *Holmes* Court also recognized two limited exceptions to the deferral rule, both falling within the discretion of the trial court. *Id*. at 563-564.[4] First, the Court held that trial courts retain discretion, in extraordinary circumstances, to entertain a discrete claim of trial counsel ineffectiveness if the claim is both apparent from the record and meritorious. *Id*. at 563. Second, the Court held that trial courts also have discretion to entertain prolix claims of ineffectiveness if there is good

---

[3] The trial court also construed this issue to be a challenge to the effective assistance of trial counsel. *See* Trial Court Opinion, 12/23/21, at 3.

[4] The Supreme Court later created a third exception to *Grant*'s general rule in *Commonwealth v. Delgros*, 183 A.3d 352 (Pa. 2018), for those situations where a defendant is statutorily precluded from obtaining subsequent review under the PCRA. This exception is not applicable in this case.

cause shown and the unitary review permitted is preceded by a knowing and express waiver by the defendant of the right to seek review under the PCRA. *Id*. at 564.

The facts of this case do not fall within the limited exceptions to the deferral rule presented by the **Holmes** Court. Our review of the record establishes the trial court did not find the claim of ineffective assistance to be meritorious and apparent from the record as to require immediate vindication.[5] Additionally, Holmes did not allege any good cause for seeking unitary review of his ineffectiveness claim and did not state he intended to waive collateral review. Therefore, neither of the exceptions outlined in **Holmes** is applicable here. As a result, Holmes cannot seek review of his ineffectiveness claim on direct appeal. **Holmes**, 79 A.3d 563-564. Accordingly, we dismiss Holmes's ineffective assistance of counsel issue without prejudice to raise this claim in a timely PCRA petition. **See Commonwealth v. Stollar**, 84 A.3d 635, 652 (Pa. 2014) (dismissing, pursuant to **Holmes**, the appellant's ineffective assistance of counsel claims raised on direct appeal without prejudice to pursue them on collateral review).

In summary, we agree with counsel that the challenge to the discretionary aspects of sentencing that Holmes wished to raise on appeal is

_____

[5] We observe the trial court noted that, even if it were to ignore the deferral requirement, it would conclude there was no merit to Holmes's allegations. **See** Trial Court Opinion, 12/23/21, at 3 n.2.

waived. Further, Holmes's ineffective assistance of counsel claim is not reviewable on direct appeal and is dismissed without prejudice. In addition, we have reviewed the certified record and do not discern any other claims that are non-frivolous. Accordingly, we grant counsel's application to withdraw and affirm Holmes's judgment of sentence.

Application to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/25/2022